UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TOMMY CROSBY,

                              Plaintiff,

                                                                              DECISION AND ORDER

                                                                              07-CV-6175L

                         v.

(First name unknown) O'Connell, M.D.,
et al.,

                            Defendants.
_____

      Defendants in this *pro se* prisoner civil rights action have moved to dismiss the complaint for improper venue or in the alternative to transfer venue to the Northern District of New York. Plaintiff, Tommy Crosby, also has moved to transfer this case to the Northern District of New York.

      It appears from the complaint that most of the actionable underlying events giving rise to plaintiff's claims in this case occurred while he was incarcerated in Shawangunk Correctional Facility, *see* Complaint ¶¶ 74-96, which is located in Ulster County, in the Northern District of New York. The Court therefore agrees that transfer of this case to the Northern District of New York is proper. *See Friedman v. Revenue Mgmt. of New York, Inc.*, 38 F.3d 668, 672 (2$^d$ Cir. 1994) (affirming transfer of venue to district where a substantial part of defendant's alleged actions occurred); *Williams v. Bunn*, No. 06-CV-0466, 2007 WL 1703816 (W.D.N.Y. June 7, 2007) (noting

that because plaintiff's claims were based on events that occurred at the Gowanda Correctional Facility, which is in the Western District of New York, the Southern District of New York transferred the action to this district pursuant to 28 U.S.C. §§ 1391(b) and 1406(a)); *Goris v. Breslin*, No. 04-CV-5666, 2006 WL 1313823, at *2 (E.D.N.Y. May 12, 2006) ("the majority of the events relating to Goris's claims occurred at the Arthur Kill facility, which is in the Eastern District of New York. The Court therefore concludes that venue is proper in the Eastern District of New York").[1]

## CONCLUSION

Plaintiff's motion to change venue (Dkt. #6) is granted. Defendants' motion to dismiss or in the alternative to change venue (Dkt. #17) is granted in part and denied in part. This action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 11, 2007.

---

[1] It appears that plaintiff seeks not only transfer of this case to the Northern District, but also to join a class action that is currently pending in that district. I leave it to the transferee court to address that matter in the first instance.